Randolph County sought to intervene in the declaratory judgment action filed by Thompson after the governor declined to prosecute an appeal from a judgment in Thompson's favor. The majority opinion correctly determined that the motion to intervene should have been granted. One of the reasons why the county sought to intervene was so that it could file a motion for relief from the judgment. At the hearing on the motion to intervene, the county argued that if intervention was permitted, the county would show that the pardon was void on its face. I think the county's contention concerning the validity of the pardon is well taken.
The pardon says that Thompson was sentenced to a term of three years on May 27, 1980. The pardon also reflects that it was issued on July 1, 1981. Code 1975, § 15-22-36(c), provides in part:
 "[N]o pardon shall be granted unless the prisoner has successfully completed at least three years of permanent parole or until the expiration of his sentence if his sentence was for less than three years."
Code 1975, § 15-22-40, provides:
 "Any pardon, parole, remission of a fine or forfeiture or restoration of civil and political rights granted, ordered or made contrary to the provisions of this article shall be null and void and shall have no force or effect."
It is clear from the face of the pardon that § 15-22-36(c) has been violated. The pardon shows that it was impossible for him to have served at least three years of permanent parole prior to the time the pardon was granted and that he was not sentenced to a term of less than three years. Because neither condition for eligibility for pardon has been met, the pardon is "null and void" pursuant to § 15-22-40.
Because the pardon is void, there is no question that Thompson is barred by § 60, Constitution of Alabama 1901, from holding the office of supernumerary sheriff.